### 11142.   RASKIN *v.* THE STATE.

The sentence in this case, that the defendant, who was found guilty on two counts of the accusation, " be for the space of eighteen months (nine months on each count) put to work on the chain-gang," etc., must be construed as imposing successive, not concurrent, terms of punishment of nine months each.

DECIDED MARCH 2, 1920.

Certiorari; from Chatham superior court — Judge Meldrim. September 26, 1919.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

LUKE, J.   The question presented in this case is as to the construction of the following sentence based upon a verdict of a jury finding the defendant guilty upon two counts in an accusation charging the defendant with the violation of the prohibition statute, to wit:

"It is considered and ordered that the said defendant be for the space of eighteen months (nine months on each count) put to work on the chain-gang of Chatham county on the public road or on such other public works as the county authorities, to wit, the commissioners and ex-officio judges of Chatham county, may employ the chain-gang." It is contended by the plaintiff in error that under this sentence the nine months would be served concurrently. We do not agree with this contention. We think the true construction is that the defendant was sentenced to nine months on each count, aggregating eighteen months. If the sentence had said nothing more than "nine months on each count," and had not provided how the sentence should be served, then of course the nine months would have been served concurrently. The defendant having served a portion of his sentence, it was not error to require him to serve the remainder of the sentence. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*